# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 683 | **DATE** | 1/15/2002 |
| **CASE TITLE** | Dominic Minervini vs. Seven Worldwide, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to strike portions of plaintiff's response to defendant's statement of facts, and portions of plaintiff's statement of facts, is granted in part. Defendant's motion for summary judgment is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 16 2002 | 22 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**JAN 1 6 2002**

DOMINIC MINERVINI, )
)
Plaintiff, )
)  01 C 0683
v. )
)  Judge George W. Lindberg
SEVEN WORLDWIDE, INC., )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dominic Minervini claims that his employment was terminated by defendant Seven Worldwide, Inc. because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Before the court are defendant's motion to strike portions of plaintiff's response to defendant's statement of facts, and portions of plaintiff's statement of facts; and defendant's motion for summary judgment. For the reasons stated below, defendant's motion to strike is granted in part, and defendant's motion for summary judgment is denied.

### I. Motion to Strike

At the outset, the court must evaluate defendant's motion to strike portions of plaintiff's response to defendant's statement of facts, and portions of plaintiff's statement of facts. Under Local Rule 56.1(b), a response to a motion for summary judgment must contain "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(A). In addition, the response must contain "a

22

statement...of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). Where a party has not followed the local rules requiring a response to the moving party's statement of facts, supported by appropriate citations in the record, the moving party's facts remain uncontested. See, e.g., Brasic v. Heinemann's Inc., 121 F.3d 281, 284 (7th Cir. 1997). A district court has the power to strike a response to a motion for summary judgment when the non-moving party fails to comply with local rules regarding that response. Rosemary B. on Behalf of Michael B. v. Board of Educ., 52 F.3d 156, 158-59 (7th Cir. 1995).

Defendant objects to portions of the following of plaintiff's responses to defendant's material facts: 11-17, 21, 27, 32, and 33. The response to paragraph 11 is not accompanied by any citation to the record. The portions of the responses to paragraphs 12 through 16 that state that the remoteness in time between the various events under discussion and plaintiff's discharge show that the reasons for plaintiff's discharge were pretextual, are conclusory. The citation to the record offered for the portion of the response to paragraph 17 that states, "Additionally, Mr. Kohler indicated that this incident did not directly have an impact on Plaintiff's eventual termination," does not support that statement. The citation to the record offered for the portion of the responses to paragraphs 21 and 27 that discuss the implicit relationship between plaintiff's age and time with the company and his commission does not support those statements. The portion of the response to paragraph 21 that states, "Had Plaintiff been younger and not started at the time that he did, he would not have had such a high commission," is conclusory and is not accompanied by any citation to the record. The statement in response to paragraph 27 that plaintiff's age is responsible for the size of his commission is not accompanied by a citation to

2

the record. Finally, the last sentence of the responses to paragraphs 32 and 33, stating that "it appears that Mr. Wiener did in fact replace Plaintiff," is conclusory. These statements are stricken.[1]

Defendant also objects to a number of statements in plaintiff's statement of additional facts, filed pursuant to Local Rule 56.1(b)(3)(B): 2, 3, and 6 through 8. Plaintiff's statement in paragraph 2 that he was earning almost twice as much as younger employees is not accompanied by a citation to the record. The statement in paragraph 3 that plaintiff's performance exceeded defendant's expectations is conclusory and is not accompanied by a citation to the record. The portion of paragraph 6 that states that a 1996 incident with a co-worker is "far too remote to have had an impact of Defendant's decision to terminate Plaintiff" is conclusory. The statements in paragraph 7 that plaintiff was terminated on the basis of his age, that the commissions were implicitly based on age, and that plaintiff's age is directly responsible for plaintiff's higher commission are conclusory, and are either unsupported by the citations to the record provided or are unaccompanied by a citation to the record. Finally, the portion of paragraph 8 that states that the remoteness in time between the creation of a document and plaintiff's discharge indicates that defendant's decision to terminate plaintiff was pretextual, is conclusory and is not accompanied by a citation to the record. These portions of plaintiff's Statement of Additional Material Facts

---

[1] Defendant also challenges the portion of the response to paragraph 12 that states: "Mr. Larimer, at no time claimed to have knowledge of any facts which established that Plaintiff had guns and ammunition on company property" and the portion of the response to paragraph 15 that disputes defendant's use of the work "letter." These responses, however, are not relevant to the court's inquiry.

are stricken.[2]

## II. Factual Background

Plaintiff began working for defendant in 1989. Defendant sells commercial art, photographic and other media products for the advertising industry. Defendant maintains an employment policy that prohibits conduct that may cause emotional or physical harm to other employees or cause friction within the company. The policy also prohibits employees from bringing any firearm or ammunition onto company property, and prohibits the unauthorized use of company property or equipment. The policy provides that employees who violate it may be subject to disciplinary action, including termination. Another policy prohibits employees from using company electronic communication and information systems in a way that may be disruptive, offensive to others, or harmful to company morale.

During much of plaintiff's employment with defendant, plaintiff worked as a sales representative. Plaintiff received a fifteen-percent commission on his sales; other employees who began working for defendant after plaintiff received only an eight-percent commission. Plaintiff met all his sales goals and quotas, and management was satisfied with his sales performance during his employment with defendant. However, beginning in 1996, management received complaints from plaintiff's co-workers that they were frightened of plaintiff and did not want to work with him.[3]

---

[2] Defendant challenges plaintiff's complaint that defendant's characterization of a document as a letter was improper. Plaintiff's assertion is not relevant to the court's inquiry.

[3] Plaintiff objects to the admissibility of evidence of employee complaints as hearsay. However, the complaints are not offered to prove the truth of the matter asserted, but rather to establish that defendant's managers held an honest belief that plaintiff engaged in conduct that justified his termination. See Brill v. Lante Corp., 119 F.3d 1266, 1271 (7th Cir. 1997).

4

In November 1996, plaintiff had an argument at work with co-worker David Larimer. Larimer wrote a letter to management regarding the argument, expressing fear, stating that plaintiff had threatened him with physical violence, and relating a concern that plaintiff had guns and ammunition on company property. Plaintiff wrote his own letter to management admitting his fault in the matter. In a meeting with management and plaintiff, Larimer acknowledged that he was also to blame for the incident.

In March 1999, plaintiff wrote a fantasy story that graphically described a sexual encounter between two co-workers. One of plaintiff's co-workers found the story on a printer at the office, and she and another co-worker complained to management about it. The story was printed from plaintiff's computer, and he admitted to having written it at work. Management told plaintiff that this action was a serious offense and violated company policy. Management encouraged plaintiff to seek counseling from the Employee Assistance Program, which he did.

Defendant's managers continued to receive complaints regarding plaintiff's behavior. One of plaintiff's co-workers requested a transfer out of plaintiff's group because she felt uncomfortable and intimidated by him, although she eventually asked to be transferred back under plaintiff. Plaintiff was repeatedly told to correct his behavior and to stop scaring other employees.

On October 25, 1999, human resource director Donna Curtis, and managers Doug Kohler and Raymond Powers met with plaintiff to discuss his behavior. At that meeting, the managers informed plaintiff that several employees had complained about plaintiff's behavior and volatility in the workplace. Plaintiff acknowledged that his behavior required adjustment. The managers suggested that plaintiff seek counseling to help control his behavior, and advised him that he

5

would be terminated if there were any other complaints.

It is unclear whether plaintiff's behavioral problems continued after October 1999. Although defendant claims that during that period some employees threatened to resign if they were not transferred away from plaintiff, it offers no admissible evidence in support of this claim. Curtis testified in her deposition that Kohler had told her this information, a statement that is inadmissible hearsay. Curtis otherwise only testified that plaintiff's relationship with the company did not improve during the period after October 1999, and that she did not recall any specific incidents. Powers similarly testified that Kohler expressed concerns about two employees who threatened to resign if they were not transferred away from plaintiff, which again is inadmissible hearsay. Kohler testified in his deposition that an incident involving plaintiff precipitated the decision to terminate him, but Kohler did not recall what that incident was.

In late December 1999 or early January 2000, Kohler, Powers, and Curtis discussed plaintiff's behavior and considered discharging him. On January 28, 2000, plaintiff was informed that his employment with defendant was terminated, effective immediately. At that time, plaintiff was over forty years old.

After plaintiff was discharged, an employee in his early thirties, Tom Weiner, assumed "basically the same accounts" that had previously been plaintiff's responsibility. Various other employees also assumed some of plaintiff's former responsibilities.

### III. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of identifying "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-movant must then come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court must review the evidence and draw all reasonable inferences in favor of the non-moving party. Associated Milk Producers, Inc. v. Meadow Gold Dairies, Inc., 27 F.3d 268, 270 (7th Cir. 1994). The Seventh Circuit has noted that the summary judgment standard should be applied with "added rigor in employment discrimination cases, where intent and credibility are crucial issues." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1038 (7th Cir. 1993).

Plaintiff claims that defendant terminated his employment because of his age in violation of the ADEA, 29 U.S.C. § 621 et seq. To prevail on his ADEA claim, plaintiff must show that his termination would not have occurred but for defendant's motive to discriminate based on plaintiff's age. See Taylor v. Canteen Corp., 69 F.3d 773, 779 (7th Cir. 1995). Plaintiff can meet this burden head-on by introducing direct evidence from which an inference of age discrimination may be drawn, or he can rely on the burden-shifting formula set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, e.g., Fuka v. Thomson Consumer Elecs., 82 F.3d 1397, 1402 (7th Cir. 1996); Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1122 (7th Cir. 1994). In this case, plaintiff attempts both.

### A. Direct Proof of Discrimination

In a discrimination case, direct evidence is that which can be interpreted as an acknowledgment of discriminatory intent. Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d

7

391, 396 (7th Cir. 1997). As direct evidence of discrimination, plaintiff claims that at some point between April 1999 and September 1999, Powers stated that "older people cost more money to insure and cost everybody to have higher insurance rates." In addition, plaintiff claims that at some point between April 1999 and September 1999, Kohler, who had the absolute authority to fire him, stated that "the industry was becoming a young man's industry; that most of the clients were young and they related more to people their age." Kohler also testified that other employees had indicated to him that plaintiff was unwilling to adapt as the industry changed. Defendant denies that the first two statements were made.

As a rule, a statement is direct evidence of discrimination only if it relates to the motivation of the decision maker responsible for the contested decision. Cheek v. Peabody Coal Co., 97 F.3d 200, 203 (7th Cir. 1996). Even the remarks of a decision maker do not give rise to an inference of discrimination if they are unrelated to the employment decision in question. Fuka, 82 F.3d at 1403. "To be probative of discrimination, isolated comments must be contemporaneous with the discharge or causally related to the discharge decision making process." Geier v. Medtronic, Inc., 99 F.3d 238, 242 (7th Cir. 1996).

Here, Kohler's testimony that some employees brought it to his attention that plaintiff was unwilling to adapt was not a remark attributable to Kohler, or any decision maker, and its subject was not even necessarily related to plaintiff's age. In addition, even if the court assumed that the remarks plaintiff attributes to Powers and Kohler were made as he claims, they would be insufficient to warrant an inference of discrimination because plaintiff fails to establish that any discriminatory remark was in any way related to his termination. Powers' comment that older people are more costly to insure, and Kohler's comment that the industry was becoming a young

8

man's industry, were statements made at least four months prior to plaintiff's termination, and were not otherwise causally connected with his termination. Plaintiff has failed to raise a genuine issue of material fact under the direct method of proving age discrimination.

**B.    Indirect Proof of Discrimination**

Plaintiff also attempts to raise an inference of discrimination by using the burden-shifting analysis set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Under that analysis, a plaintiff first must establish a prima facie case of intentional age discrimination by showing that: (1) he was a member of a protected class (age forty or older), (2) he performed his job satisfactorily, (3) he suffered a materially adverse employment action, and (4) younger, similarly situated employees were treated more favorably. <u>Horwitz v. Board of Educ.</u>, 260 F.3d 602, 610 (7th Cir. 2001). The defendant must then rebut the prima facie case by articulating a legitimate, nondiscriminatory reason for the contested employment action. <u>Chiaramonte</u>, 129 F.3d at 398. The burden then shifts back to the plaintiff to show that the employer's stated reason is pretextual. <u>Id.</u>

There is no dispute that plaintiff falls within the protected age group, or that defendant discharged him. Defendant contends that plaintiff cannot make a prima facie case of discrimination because he fails to establish that he was performing his job satisfactorily, and that younger employees were treated more favorably.

Regarding the second prong of the <u>McDonnell Douglas</u> analysis, defendant argues that the evidence of plaintiff's behavioral problems shows that he was not performing his job satisfactorily. Defendant certainly could legitimately expect plaintiff, as part of his job, to behave in a nondisruptive manner, to refrain from bringing guns and ammunition into the

9

workplace, and to use company equipment and systems appropriately in conformance with company policy.[4] However, there is no evidence in the record that any of these behavioral problems occurred immediately prior to plaintiff's termination. The evidence before the court establishes that on October 25, 1999, defendant's managers told plaintiff that several employees had complained about his behavior, and warned him that he would be terminated if there were any other complaints about his behavior. Three months later, on January 28, 2000, plaintiff was discharged. There is no evidence that management received any complaints about plaintiff in the three months prior to his termination, and the parties agree that his sales performance during that period was satisfactory. This three-month gap may or may not prove significant in the end, but at this stage it is sufficient to raise an issue of material fact as to whether plaintiff was performing his job satisfactorily prior to his termination.

The court also finds that there is a genuine issue of material fact as to the fourth prong of the McDonnell Douglas analysis. In cases involving the termination of a single employee -- that is, a situation not involving a reduction in force or other restructuring -- normally the employee must establish that the employer sought to replace him with a substantially younger person. Miller v. Borden, Inc., 168 F.3d 308, 313 (7th Cir. 1999). In this case, although defendant maintains that no employee replaced plaintiff, a substantially younger employee assumed plaintiff's former accounts. In addition, other employees also assumed some of plaintiff's former responsibilities; their ages are unknown. The court finds that there is a genuine issue of material fact with regard to whether defendant replaced plaintiff with a substantially younger person.

---

[4] Plaintiff argues that defendant's only legitimate expectation relating to his job performance could be whether he met his sales goals, and that his behavior is irrelevant to whether he was performing his job. The court finds this argument absurd.

10

Having found that plaintiff has established a prima facie case of discrimination, the court next turns to the question of whether defendant has articulated a legitimate, nondiscriminatory reason for plaintiff's termination. The court finds that defendant has met this burden; discharging an employee for ongoing behavioral problems, many (if not all) of which violate company policy, is a legitimate, nondiscriminatory reason.

The burden now shifts back to plaintiff to offer evidence that defendant's articulated reason was merely a pretext for age discrimination. "This showing may be made by introducing evidence that demonstrates that (1) the proffered reasons are factually baseless; (2) the proffered reasons were not the actual motivation for the discharge; or (3) the proffered reasons were insufficient to motivate the discharge." Wolf v. Buss (America) Inc., 77 F.3d 914, 919 (7th Cir. 1996). This inquiry is similar to the analysis of whether a plaintiff has established the second element of the prima facie case, since if he establishes that he met his employer's legitimate expectations, he would also rebut any performance deficiencies cited by the employer as a reason for discharging him. Fuka, 82 F.3d at 1404.

Based on the evidence offered here, a reasonable jury could conclude that plaintiff's behavioral problems were resolved in October 1999, well before he was terminated, and that accordingly defendant's articulated reason for terminating plaintiff was not its true one. The court finds that the three-month gap between the last incident of plaintiff's misbehavior and plaintiff's termination raises sufficient doubt as to defendant's proffered reason to make summary judgment inappropriate. Having met his burden at this stage of showing that defendant's proffered reason is false, plaintiff need not come forward with further evidence of intentional discrimination to survive summary judgment. See Fuka, 82 F.3d at 1404.

11

**ORDERED:** Defendant's motion to strike portions of plaintiff's response to defendant's statement of facts, and portions of plaintiff's statement of facts, is granted in part. Defendant's motion for summary judgment is denied.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED: **JAN 1 4 2002**